# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

**13' CV 6394 CJS**

| | |
|---|---|
| Jonathan Paul Catlin | ) CASE NO. _____ |
| Plaintiff | ) JUDGE: _____ |
| | ) |
| vs. | ) COMPLAINT FOR VIOLATIONS OF 47 |
| | ) U.S.C. §227 and 15 U.S.C. §1692; |
| NCO Financial Systems, Inc. | ) ACTUAL DAMAGES, STATUATORY |
| Defendant | ) DAMAGES and PUNITIVE DAMAGES |
| | ) |
| | ) |
| | ) DEMAND FOR TRIAL BY JURY |
| | ) |

## INTRODUCTION & OPENING STATEMEMT

This is an action brought by Plaintiff against NCO Financial Systems, Inc. for violations of the Telephone Consumer Protection Act, 47 USC § 227 (herein after "47 USC § 227"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 (herein after "15 U.S.C. §1692").

## I.   JURISDICTION and VENUE

1.      This action arises under 47 U.S.C. §227 and 15 U.S.C. §1692. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331.

2.      Venue is proper because the events giving rise to Plaintiff's causes of action occurred within this district, as provided in 28 U.S.C. § 1391(b)(2).

## II. PARTIES

4.      Plaintiff, Jonathan Paul Catlin, herein after "Plaintiff", at all times relevant herein, was domiciled in the town of Naples, New York.

5.      Plaintiff is informed and believes that Defendant, NCO Financial Systems, Inc., herein after "Defendant", is a foreign corporation authorized to do business in New York state.

1  Defendant's mailing address used in communication with Plaintiff is: NCO Financial Systems,
2  Inc., PO Box 15630, Wilmington, DE 19850

3
4              **PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT**
5  6.       The plaintiff has **not** begun any other lawsuits in state or federal court dealing with the
6  same facts involved in this action.

7
8                                    **COUNT I**
9        **(47 U.S.C. §227; Placing calls to a personal cell phone using an automated dialer)**
10 7.       Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 6 above
11 and incorporates the same as if set forth in full.
12 8.       From February 4 through March 7, 2013, Defendant called Plaintiff's cell phone no less
13 than 48 times.
14 9.       Defendant used an automatic telephone dialing system to place these 48 calls.
15 10.      Plaintiff has no contract or business relationship with Defendant, and has never given
16 Defendant express permission to call Plaintiff's cell phone.
17 11.      The federal basis for this claim is 47 U.S.C. §227(b)(1)(A) and 47 U.S.C. §227(b)(3).
18          WHEREFORE, Plaintiff prays for statutory damages ($1,500.00 per call) and punitive
19 damages against Defendant.

20
21                                    **COUNT II**
22        **(15 U.S.C.§1692; Inconvenient communications while attempting debt collection)**
23 12.      Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 11
24 above and incorporates the same as if set forth in full.
25 13.      From February 4 through March 7, 2013, Defendant placed no less than 48 telephone
26 calls to the Plaintiff's cellular telephone. Defendant placed repeated calls to the Plaintiff on
27 multiple days, as many as six calls in one day and as many as three calls in the space of two
28 hours. Defendant knew or should have known that such calls were inconvenient to the consumer.
29 14.      As a direct result of Defendant's actions described in Counts II-IV, Plaintiff has suffered
30 harassment, disruption of work flow, loss of productivity at work, disruption of family life, loss
31 of quality time with family, loss of sleep, and emotional distress including, but not limited to,
32 stress, agitation, anxiety, and frustration, all to his injury in the amount of $45,000.
33 15.      The federal basis for this claim is 15 U.S.C. § 1692c(a)(1) and 15 U.S.C §1692k(a)(1).
34          WHEREFORE, Plaintiff prays for actual, statutory, and punitive damages against
35 Defendant.

Complaint for violations of 47 U.S.C. §227 and 15 U.S.C. §1692; Statutory, Actual, and Punitive Damages

## COUNT III

**(15 U.S.C.§1692; Continuation of debt collection activities after notice of dispute)**

16.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 15 above and incorporates the same as if set forth in full.

17.    From February 18 thru March 7, 2013, Defendant continued collection activities after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities.

18.    As a direct result of Defendant's actions described in Counts II-IV, Plaintiff has suffered harassment, disruption of work flow, loss of productivity at work, disruption of family life, loss of quality time with family, loss of sleep, and emotional distress including, but not limited to, stress, agitation, anxiety, and frustration, all to his injury in the amount of $45,000.

19.    The federal basis for this claim is 15 U.S.C.§1692g(b) and 15 U.S.C §1692k(a)(1).

       WHEREFORE, Plaintiff prays for actual, statutory, and punitive damages against Defendant.

## COUNT IV

**(15 U. S. C. §1692; False representation in debt collection activities)**

20.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 19 above and incorporates the same as if set forth in full.

21.    From February 4 through March 7, 2013, Defendant used false representation in multiple calls to attempt to collect an alleged debt.

22.    During no less than two separate phone calls, Plaintiff asked Defendant if the call was from NCO Financial Systems, Inc.. The Defendant denied, stating that it was the collections department of Credit One Bank. Later in the same conversations, when asked for more information, the Defendant admitted that it was indeed NCO Financial Systems, Inc. and not Credit One Bank.

23     As a direct result of Defendant's actions described in Counts II-IV, Plaintiff has suffered harassment, disruption of work flow, loss of productivity at work, disruption of family life, loss of quality time with family, loss of sleep, and emotional distress including, but not limited to, stress, agitation, anxiety, and frustration, all to his injury in the amount of $45,000.

24.    The federal basis for this claim is 15 U. S. C. §1692e(10) and 15 U.S.C §1692k(a)(1).

       WHEREFORE, Plaintiff prays for actual, statutory, and punitive damages against Defendant.

1

## SUMMARY OF RELIEF SOUGHT

2  WHEREFORE, Plaintiff prays for relief against Defendant as follows:

3    a)  For statutory damages in the amount of $73,000.00.

4    b)  For actual damages in the amount of $45,000.00.

5    c)  For punitive damages in the amount allowed by law.

6    d)  Reasonable legal costs & fees, along with costs of suit; and,

7    e)  Such other relief as this Court may find to be just and proper.

8

## DEMAND FOR TRIAL BY JURY

9

10

11  I DECLARE UNDER PENALTY OF PERJURY THE FOREGOING IS TRUE AND

12  CORRECT TO THE BEST OF MY KNOWLEDGE.

13

14       EXECUTED this _31st_ day of _July_, 2013.

15

16

17       _Jonathan Paul Catlin_

18       Original Signature

19

20       Jonathan Paul Catlin

21       c/o PO Box 621

22       Naples, New York

23       cell: 585-775-9109

24       e-mail: myfriendstenthousand@gmail.com

25

26       *In Proper Person*

27

28

29

30

31

32

33

34

35

Complaint for violations of 47 U.S.C. §227 and 15 U.S.C. §1692: Statutory, Actual, and Punitive Damages

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35

# Exhibit A

Complaint for violations of 47 U.S.C. §227 and 15 U.S.C. §1692: Statutory, Actual, and Punitive Damages

# AFFIDAVIT OF JONATHAN PAUL CATLIN

| | | |
|---|---|---|
| STATE OF NEW YORK | ) | |
| | ) | *ss* |
| COUNTY OF MONROE | ) | |

Comes now, Jonathan Paul Catlin, your Affiant, being competent to testify and being over the age of 21 years of age, after first being duly sworn according to law to tell the truth to the facts related herein states that he has firsthand knowledge of the facts stated herein and believes these facts to be true to the best of his knowledge.

1. Affiant has not been presented with any contract or agreement that presents Affiant and NCO Financial Systems, Inc. (herein after NCO) as parties to said contract or agreement.

2. Affiant has never given express consent to NCO to call Affiant or Affiant's personal cell phone.

3. From February 4, 2013 through March 7, 2013, Affiant received no less than 48 calls from NCO on his personal cell phone (see attached). Affiant believes these calls to have been placed using an automatic telephone dialing system.

4. Affiant received a letter from NCO dated February 4, 2013, attempting to collect an alleged debt (see attached).

5. Affiant sent a letter under Notary presentment, by certified mail number 7010 0290 0001 2362 7723, dated February 13, 2013 to NCO disputing the alleged debt. NCO received this letter on February 18, 2013 (see attached).

6. From February 20, 2013 to March 7, 2013, Affiant received multiple calls from NCO attempting to collect the alleged debt.

7. Affiant received multiple calls from NCO attempting to collect the alleged debt using false representation by stating "this is the collection department for Credit One Bank"

8. To date, Affiant has not received any correspondence from NCO responding to the dispute letter dated February 13, 2013.

Further, Affiant sayeth naught.

Jonathan Paul Catlin             7/31/13
Jonathan Paul Catlin                    Date

State of New York
County of Monroe

Subscribed and sworn to (or affirmed) before me on this 31st day of July, 2013
By Jonathan Paul Catlin, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Juliann R Raner _____ (Seal)
Notary Public

> Juliann R. Raner
> No. 01RA6073814
> Notary Public, State of New York
> Qualified In Monroe County
> My Commission Expires 4/29/14

## CALLS FROM NCO FINANCIAL SYSTEMS, INC.

| Date | Time of Call* | Caller ID # |
|------|---------------|-------------|
| 2/4/1013 | 843 | (410) 881-5456 |
| 2/4/1013 | 1017 | (313) 444-2907 |
| 2/4/1013 | 1841 | (410) 881-5456 |
| 2/5/2013 | 839 | (443) 599-8975 |
| 2/5/2013 | 954 | (443) 599-8975 |
| 2/5/2013 | 1831 | (443) 599-8975 |
| 2/5/2013 | 1925 | (443) 599-8975 |
| 2/5/2013 | 2045 | (443) 599-8975 |
| 2/6/2013 | 850 | (360) 350-5282 |
| 2/6/2013 | 1018 | (360) 350-5282 |
| 2/6/2013 | 1822 | (313) 444-2907 |
| 2/6/2013 | 1905 | (313) 444-2907 |
| 2/6/2013 | 2029 | (313) 444-2907 |
| 2/7/2013 | 851 | (646) 389-4994 |
| 2/7/2013 | 1003 | (410) 881-5456 |
| 2/7/2013 | 1833 | (646) 389-4994 |
| 2/7/2013 | 1916 | (646) 389-4994 |
| 2/7/2013 | 2034 | (646) 389-4994 |
| 2/8/2013 | 849 | (360) 350-5282 |
| 2/8/2013 | 854 | (360) 350-5282 |
| 2/8/2013 | 1006 | (360) 350-5282 |
| 2/13/2013 | 831 | (360) 350-5282 |
| 2/13/2013 | 1133 | (360) 350-5282 |
| 2/13/2013 | 1430 | (360) 350-5282 |
| 2/20/2013 | 853 | (443) 599-8975 |
| 2/20/2013 | 854 | (313) 444-2907 |
| 2/20/2013 | 855 | (313) 444-2907 |
| 2/25/2013 | 825 | (443) 599-8975 |
| 2/25/2013 | 1010 | (443) 599-8975 |
| 2/25/2013 | 1517 | (443) 599-8975 |

| | | |
|---|---|---|
| 2/25/2013 | 1806 | (443) 599-8975 |
| 3/4/2013 | 852 | (410) 881-5456 |
| 3/4/2013 | 1059 | (410) 881-5456 |
| 3/4/2013 | 1350 | (410) 881-5456 |
| 3/4/2013 | 1831 | (410) 881-5456 |
| 3/4/2013 | 1931 | (410) 881-5456 |
| 3/4/2013 | 2036 | (410) 881-5456 |
| 3/5/2013 | 857 | (443) 599-8975 |
| 3/5/2013 | 1100 | (443) 599-8975 |
| 3/5/2013 | 1821 | (443) 599-8975 |
| 3/5/2013 | 1909 | (443) 599-8975 |
| 3/5/2013 | 2033 | (443) 599-8975 |
| 3/6/2013 | 843 | (313) 444-2907 |
| 3/6/2013 | 1103 | (313) 444-2907 |
| 3/6/2013 | 1844 | (313) 444-2907 |
| 3/6/2013 | 1936 | (313) 444-2907 |
| 3/6/2013 | 2036 | (313) 444-2907 |
| 3/7/2013 | 854 | (646) 389-4994 |
| 3/7/2013 | 957 | (646) 389-4994 |

*Call times are on or about

NOTARY'S CERTIFICATE OF SERVICES

The services in this matter are done on behalf of Jonathan Paul Catlin, American Citizen.

It is hereby certified that on this 13th day of February, 2013, I, Jonathan Paul Catlin, authorize the undersigned Notary Public to Mail these Documents to:

NCO FINANCIAL SYSTEMS, INC.
PO Box 15630
Wilmington, DE 19850

Hereinafter, "Recipient", the documents and sundry papers which include the following:

1. Letter
2. Copy of notary certificate of service

By certified mail number, 7010 0290 0001 2362 7723, Barbara Luffman (Notary Public), by placing the same in postpaid envelope, properly addressed to Recipient at the said address and depositing the same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of New York

Notary Public Signature as Witness to Documents: _Barbara J. Luffman_

I, Jonathan Paul Catlin, certify that these Documents have been witnessed on this 13th day of February, 2013, and all the Documents being sent out are true and correct to the best of my knowledge.

Signature _Jonathan Paul Catlin_ Date: _2/13/13_
Jonathan Paul Catlin

State of New York
County of Yates

Subscribed and sworn to (or affirmed) before me on this 13th day of February, 2013 by Jonathan Paul Catlin, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_Barbara J. Luffman_
Notary Public                    (Seal)

BARBARA J. LUFFMAN
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01LU6046549
QUALIFIED IN YATES COUNTY
MY COMMISSION EXPIRES 08-14-20_14_

February 13th, 2013


NCO FINANCIAL SYSTEMS, INC.
PO Box 15630
Wilmington, DE 19850


NCO FINANCIAL SYSTEMS, INC.,

I am in receipt of your correspondence attempting to collect a debt. I dispute the alleged
debt in its entirety. I demand that you provide me with the name and address of the
original creditor, the name and address of the current creditor, and complete validation of
the amount of the alleged debt.

Sincerely,

*[signature]*

Jonathan Paul Catlin
PO Box 621
Naples, New York

Cc: File

Attachments: -   Letter dated: February 4th, 2013

PO BOX 15630
DEPT 805
WILMINGTON DE 19850

**NCO FINANCIAL SYSTEMS, INC.**

4740 Baxter Road
Virginia Beach, VA 23462

OFFICE HOURS(ET):
8AM-10:30PM MON THRU THURSDAY
8AM-9PM FRIDAY
8AM-5PM SATURDAY
2PM-9PM SUNDAY
Feb 04, 2013

482-996

84014402723
JONATHAN CATLIN
PO BOX 621
NAPLES NY  14512-0621

CREDITOR:  Credit One Bank, N.A.
ACCOUNT #: XXXXXXXXXXXX8356
REFERENCE #:84014402723
TOTAL BALANCE : $ 591.70
MINIMUM PAYMENT AMOUNT: $ 159.00

Dear JONATHAN CATLIN:

Please be advised that NCO Financial Systems, Inc. has been requested by Credit One Bank, N.A. to assist them in collection of the above minimum payment amount.

You may contact us at 1-877-825-3242 if you have any questions or if you would like to discuss this account further. Calls to or from this company may be monitored or recorded for quality assurance.

Please include the above account number on your check or money order and enclose the bottom portion of this letter, or a copy thereof, with your payment to insure proper credit. You may also make your payment online, at www.creditonebank.com.

Unless you notify this office within thirty (30) days after receipt of this notice, that you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the thirty (30) day period after receiving this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. If you send this office a written request within the thirty (30) day period after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

---

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

THIS COLLECTION AGENCY IS LICENSED BY THE DEPARTMENT OF CONSUMER AFFAIRS OF THE CITY OF NEW YORK; LICENSE#1008018
CONTACT ALEX DREW AT NCO FINANCIAL SYSTEMS, INC.

| Account # | Minimum Payment Amount |
|---|---|
| XXXXXXXXXXXX8356 | $ 159.00 |

JONATHAN CATLIN

Payment Amount

$

Check here if your address or phone number has changed and provide the new information below.

Make Payment To:

Payment Services
PO Box 60500
City of Industry CA  91716-0500

996

NCOP B

.

Federal and State law prohibit certain methods of debt collection and require that we treat you fairly.
Please view our website at www.ncogroup.com to review your rights under Federal and State law.

PAP-1034-A-0

English          Customer Service          USPS Mobile                                                          Register / Sign In

# USPS.COM

Quick Tools          Ship a Package          Send Mail          Manage Your Mail          Shop          Business Solutions

Search USPS.com or Track Packages

# Track & Confirm

**GET EMAIL UPDATES**

**YOUR LABEL NUMBER**

70100290000123627723

| SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|
| First-Class Mail® | Delivered | February 18, 2013, 8:13 am | WILMINGTON, DE 19850 | Expected Delivery By: February 19, 2013 Certified Mail™ |
| | Notice Left (No Authorized Recipient Available) | February 16, 2013, 9:32 am | WILMINGTON, DE 19850 | |
| | Arrival at Unit | February 16, 2013, 9:17 am | WILMINGTON, DE 19850 | |
| | Acceptance | February 14, 2013, 11:39 am | RUSHVILLE, NY 14544 | |

**Check on Another Item**

What's your label (or receipt) number?

LEGAL          ON USPS.COM          ON ABOUT.USPS.COM          OTHER USPS SITES

# Bill of Particulars

| | |
|---|---:|
| Loss of quality family time | $10,000.00 |
| Disruption of family life | $7,000.00 |
| Harassment | $5,000.00 |
| Loss of sleep | $5,000.00 |
| Disruption of work flow | $3,000.00 |
| Loss of productivity at work | $3,000.00 |
| Stress | $3,000.00 |
| Agitation | $3,000.00 |
| Anxiety | $3,000.00 |
| Frustration | $3,000.00 |
| **Total** | **$45,000.00** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35

Exhibit B

Complaint for violations of 47 U.S.C. §227 and 15 U.S.C. §1692: Statutory, Actual, and Punitive Damages

## 15 U.S.C. § 1692c

### a) Communication with the consumer generally

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

**(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.** In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;
http://www.law.cornell.edu/uscode/text/15/1692c

## 15 U.S.C. §1692e(10)

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**
http://www.law.cornell.edu/uscode/text/15/1692e

## 15 U. S. C. § 1692g(b)

### (b) Disputed debts

**If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.** Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.
http://www.law.cornell.edu/uscode/text/15/1692g

## 15 U. S. C. § 1692k

### (a) Amount of damages

**Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—**
**(1) any actual damage sustained by such person as a result of such failure;**

**(2)**
**(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or**
**(B)** in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
**(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.**

**(b) Factors considered by court**
In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors—
**(1)** in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or
**(2)** in any class action under subsection (a)(2)(B) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

**(c) Intent**
A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**(d) Jurisdiction**
**An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.**
(http://www.law.cornell.edu/uscode/text/15/1692k)


# 28 U. S. C. § 1331
**The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.**
http://www.law.cornell.edu/uscode/text/28/1331


# 28 U. S. C. § 1391(b)
**(b) Venue in General.**— A civil action may be brought in—
**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

http://www.law.cornell.edu/uscode/text/28/1391

## 47 U. S. C. § 227(b)

**(b) Restrictions on use of automated telephone equipment**

**(1) Prohibitions**

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(i) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);

(ii) to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

http://www.law.cornell.edu/uscode/text/47/227

## 47 U. S. C. § 227(b)(3)

**(3) Private right of action**

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

http://www.law.cornell.edu/uscode/text/47/227

## 47 U. S. C. § 227(g)(2)

**(2) Exclusive jurisdiction of Federal courts**

The district courts of the United States, the United States courts of any territory, and the District Court of the United States for the District of Columbia shall have exclusive jurisdiction over all civil actions brought under this subsection. Upon proper application, such courts shall also have jurisdiction to issue writs of mandamus, or orders affording like relief, commanding the defendant to comply with the provisions of this section or regulations prescribed under this section, including the requirement that the defendant take such action as is necessary to remove the danger of such violation. Upon a proper showing, a permanent or temporary injunction or restraining order shall be granted without bond.

(http://www.law.cornell.edu/uscode/text/47/227)


**Express consent**. That directly given, either *viva voce* or in writing. It is positive, direct, unequivocal consent, requiring no inference or implication to supply its meaning. (Black's Law 5th Edition)